53833. TRUST COMPANY OF GEORGIA v.
STUDENT AIR TRAVEL AGENCY, INC.

WEBB, Judge.
This is a suit against a bank by its customer to recover the amount of a check which was allegedly paid by the bank in defiance of plaintiff's stop payment order. The case was tried to the court without a jury, and no transcript was made. However, from the stipulation of the

parties below and the findings of fact by the trial court, the case appears to be substantially as follows.

On January 3, 1975, Student Air Travel Agency, Inc. drew its check number 538 against its account with Trust Company of Georgia, d/b/a Trust Company Bank, payable to "Selectours, International Bahamas, Ltd." in the amount of $705. The check was presented to and paid by the bank on January 9.

Subsequently Student Air complained to the bank about several matters, one being that the check had an improper endorsement reading "For deposit only 62-231550" over an illegible signature. By letter of June 24 the bank notified Student Air that its account had been recredited with the $705, advised it that "To insure that this $705 check is not re-presented I have place a stop payment on this check," and requested that an enclosed stop payment order form be signed and returned. The order was duly executed by Student Air and returned to the bank on June 26, and on December 5 it wrote the bank that the stop payment order was still in effect on the check and that the bank was not authorized to debit its account with reference to it unless "expressly confirmed to your bank in writing."

Nevertheless on January 2, 1976 the bank received the same check for payment, this time endorsed "For Selectours, International Bahamas, Ltd. [signature], President," paid it and redebited Student Air's account in the amount of $705.

The trial court found that when the check was paid the second time, the stop payment order executed by Student Air was in effect and that the payment was thus error. The bank appeals, contending that the trial court misconstrued the purpose of the stop payment order, and that it erred in failing to rule as a matter of law that the item had been "finally paid" within the meaning of UCC § 109A-4—213 (1) (b, c) as it interlocks with § 303 (1) (c, d). We affirm.

As to the first contention, there is nothing in the record to suggest any irregularities or misconstructions with respect to the stop payment order or its purpose, and we are bound by the findings of the trial court. "The findings not having been demonstrated to be 'wholly

unsupported or clearly erroneous,' they are 'binding on appeal.' " *Auld v. Spratlin, Harrington & Co.,* 139 Ga. App. 613 (229 SE2d 103) (1976).

As to the second contention, we demur. Assuming that the item had been "finally paid" on January 9, 1975[1] so that that payment had priority over the later stop payment order,[2] under the circumstances here the stop payment order's contest is not with the payment made on January 9, 1975, but with that made on January 2, 1976. Rightly or wrongly, the bank was still treating the check as a viable "item"[3] when presented for payment the second time, and it is the payment of that item on January 2, 1976, to which the stop payment order relates. That is the holding of the trial court, and we see no reason to disturb it. In any event it seems incongruous for the bank to contend that it could rightfully pay the item again because it has already finally paid it.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

ARGUED MAY 4, 1977 — DECIDED MAY 9, 1977.

*T. Walter Gcabashe,* for appellant.
*Carroll, Greenfield & Poole, John W. Greenfield,* for appellee.

---

[1] See UCC § 109A-4—213 (1) (b, c) and comment 4, UCC § 4—213, 1962 Official Text; *Ga. R. Bank &c. Co. v. First Nat. Bank &c. Co.,* 139 Ga. App. 683, 685 (229 SE2d 482) (1976).

[2] See UCC § 109A-4—303 and comment 2, UCC § 4—303, 1962 Official Text.

[3] "Any instrument for the payment of money . . ." UCC § 109A-4—104 (g).